IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY A. HURST, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-10-2516 |
| CITY OF SALISBURY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jerry A. Hurst sued the City of Salisbury, Salisbury law enforcement officers, and State Farm Mutual Automobile Insurance Company ("State Farm") and its agents for civil rights violations and various state law claims arising from the 2001 theft of his vehicle. For the following reasons, the complaint will be summarily dismissed without requiring service of process on the defendants.

I.  Background

In April 2001, the 15-passenger customized van of Hurst, a resident of Arlington, Virginia, was stolen in Salisbury, Maryland. Hurst filed a *pro se* 28 U.S.C. § 1332 diversity action in the Eastern District of Virginia against State Farm, alleging that it breached his automobile insurance policy when it denied his 2001 van theft claim.[1] He also alleged that State Farm committed and conspired to commit fraud, and intentionally inflicted emotional distress.

---

[1] It is unclear when Hurst sued.
　　It also appears that Hurst filed a RICO action against State Farm in 2004 based on the many of the facts in his 2005 and 2008 complaints. *See Hurst v. State Farm Mut. Auto. Ins. Co.*, Civil No. 04-1350. On November 15, 2004, the Eastern District of Virginia dismissed the case

On December 21, 2005, the matter was transferred to the Western District of Virginia. *See Hurst v. State Farm Mut. Auto. Ins. Co.*, No. GEC-05-0776, 2007 WL 951692 (W.D. Va.).[2] On September 26, 2008, after full briefing, discovery, and evidentiary and mediation hearings, Judge Conrad granted State Farm's motion for summary judgment and dismissed the case.[3] On April 29, 2009, the Fourth Circuit affirmed. *See Hurst v. State Farm Mut. Auto. Ins. Co.*, 324 F. App'x 250 (4th Cir. 2009).

On October 31, 2008, Hurst filed a 28 U.S.C. § 1331 action for $15 million in this Court against State Farm and its agents, Marty A. Harbin, David L. Jones, Marshall Major, and John D. McGavin. *See Hurst v. State Farm Mut. Auto. Ins. Co.*, Civil No. WMN-08-2907. Hurst accused the defendants of committing numerous federal crimes over a 10-year period. He also alleged breach of contract, tortious breach of contract and bad faith settlement, and intentional infliction of emotional distress. The claims were related to the denial of his insurance claim on the 2001 theft of his van containing "substantial personal property." On November 19, 2008, Judge Nickerson summarily dismissed the case with prejudice under the doctrines of claim and issue preclusion. On April 29, 2009, the Fourth Circuit affirmed. *See Hurst v. State Farm Mut. Auto. Ins. Co.*, 324 F. App'x 261 (4th Cir. 2009).

On September 13, 2010, Hurst filed the instant complaint based on federal question, civil rights, and pendant jurisdictions under 28 U.S.C. §§ 1331, 1343, and 1367(a). He alleges that

---

for lack of jurisdiction.

[2] While only State Farm was listed as a defendant, John D. McGavin, Marshall Major, and Marty Harbin, defendants in the instant action and in the 2008 case, were prominently mentioned in the § 1332 Virginia complaint.

[3] On March 23, 2007, Judge Conrad dismissed Hurst's fraud, conspiracy, and intentional infliction of emotional distress claims based on the statute of limitations and failure to state a

although he complied with the formal orders regarding his van theft, Salisbury law enforcement (1) failed to properly complete a vehicle theft report and file it with the National Criminal Investigation Bureau ("NCIB"),[4] and (2) made false accusations in internal reports from 2001 and 2002. Hurst seemingly asserts that the failure to file the NCIB report was one reason why State Farm denied his claim. He also complains that State Farm's claims managers and investigators have a history of underpaying and denying legitimate claims of the insured nationwide. Hurst asserts that the State Farm defendants acted under the color of state law and committed constitutional torts.

Hurst raises counts of civil rights violations; intentional interference with contractual relations; tortious interference with business relationships; intentional infliction of emotional distress; intentional invasion of privacy by publicizing private facts; intentional false light invasion of privacy; slander per se and libel per se; retaliation; civil conspiracy; tortious breach of contract and bad faith settlement and fraud; inadequate hiring, training, supervision, and discipline; the Driver Privacy Protection Act claims; and state law claims. Hurst seeks injunctive relief and compensatory and punitive damages.

II. Analysis

---

claim. He later granted summary judgment as to the breach of contract claims.

[4] Plaintiff also complains that in 2001, Salisbury Police Officer Smullen slandered him "per se" and used the State Farm investigator as a "tool" to retaliate against him for his complaints against Smullen on April 11, 2001. Paper No. 1 at 8.

A. Standard of Review

The doctrine of *res judicata* encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine of *res judicata* contemplates that, at a minimum, successive actions arising out of the same transaction and asserting breach of the same duty should not have to be adjudicated by courts or addressed by defendants. *See Nilsen v. City of Moss Point,* 701 F.2d 556, 563 (5th Cir. 1983). For a prior judgment to bar an action on the basis of *res judicata*: (1) the judgment must be final on the merits and rendered by a court of competent jurisdiction in accordance with due process; (2) the parties in the two actions must be either identical or in privity; and (3) the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).

B. Hurst's Claims

In prior federal actions, Hurst was the plaintiff and State Farm and its agents were the defendants.[5] Federal district courts took jurisdiction over those cases and dismissed them under Federal Civil Procedure Rules 12(b)(6) and 56, and claim and issue preclusion. The *res judicata* implications of these facts are clear as to Hurst's claims against State Farm and its agents, and

---

[5] Federal courts and Maryland state courts have adopted the "transaction test" to identify the causes of action. *See Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir. 1984); *DeLeon v. Slear*, 328 Md. 569, 589–90 (Md. 1992). Under this test, claims are considered part of the same cause of action when they arise out of the same transaction or series of transactions. In determining this, courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may arise out of the same transaction or series of transactions even if they involve different harms, theories, or measures of relief. *Id.*

4

the Court shall not revisit the claims in light of the estoppel effect of the prior rulings.  Also, Hurst has not shown that the alleged actions of the Salisbury police implicate this Court's federal question or civil rights jurisdiction.  Hurst asserts only conclusory First, Fourth, Fifth, and Fourteenth Amendment violations, and his factual claims against the Salisbury police go to their alleged false, malicious, and slanderous reporting.

Alternatively, Hurst's allegations are time-barred.  When enacting § 1983, Congress determined that gaps in federal civil rights acts should be filled by consistent state law.  *See Burnett v. Grattan*, 468 U.S. 42, 47–48 (1984).  Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law.  *Id*. at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655–56 (1983); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464 (1975).  The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action."  *Wilson v. Garcia*, 471 U.S. 261, 271 (1985).  Here, Maryland's general three-year statute of limitations for civil actions is most applicable.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question.  *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975).  The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury.  *Id*.  Here, Hurst should have known of his injuries by the Salisbury police by 2001–2002 at the latest.  Because

he failed to file the instant complaint until more than eight years after accrual of the incidents, the statute of limitations now bars consideration of the claims.[6]

III. Conclusion

For the reasons stated above, Hurst's complaint will be summarily dismissed without requiring service of process on the defendants.

October 18, 2010                                              /s/
Date                                                    William D. Quarles, Jr.
                                                        United States District Judge

---

[6] Hurst seemingly claims that he only became aware of some of the claims on September 14, 2007, as before then he had relied on the internal affairs report filed by Defendant Wiley. These statements do not save his complaint from the timeliness bar. Also, the Court declines to take jurisdiction over Hurst's state tort claims against the Salisbury defendants.